**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Olga Ramirez**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Angel Kids Academy LLC**, an Arizona limited liability company, **Guardian Angels Preschool Daycare LLC**, an Arizona limited liability company, **John Doe Corporation I – XX d/b/a Our House Residentials**, and **Kanesha Anderson and John Doe Anderson**, a married couple, | |
| Defendants. | |

Plaintiff, Olga Ramirez ("Plaintiff" or "Olga Ramirez"), sues the Defendants,

Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, John Doe

Corporation d/b/a Our House Residentials, and Kanesha Anderson and John Doe

Anderson ("Defendants" or "Our House Residentials") and alleges as follows:

-1-

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8, and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.      Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

-2-

6. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

-3-

12.    At all material times, Defendant Angel Kids Academy LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Angel Kids Academy LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.    At all relevant times, on information and belief, Defendant Angel Kids Academy LLC owned and operated as "Our House Residentials," a group home care facility doing business in Maricopa County, Arizona.

14.    Under the FLSA, Defendant Angel Kids Academy LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Angel Kids Academy LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Our House Residentials' employees, Defendant Angel Kids Academy LLC is subject to liability under the FLSA.

15.    At all material times, Defendant Guardian Angels Preschool Daycare LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Guardian Angels Preschool Daycare LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

-4-

16. At all relevant times, on information and belief, Defendant Guardian Angels Preschool Daycare LLC owned and operated as "Our House Residentials," a group home care facility doing business in Maricopa County, Arizona.

17. Under the FLSA, Defendant Guardian Angels Preschool Daycare LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Guardian Angels Preschool Daycare LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Our House Residentials' employees, Defendant Guardian Angels Preschool Daycare LLC is subject to liability under the FLSA.

18. Upon information and belief, Defendant(s) John Doe Corporations I-XX are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or other entities which: (1) may have been owned or operated by or in conjunction with any of the Defendants; (2) may have hired individuals, including Plaintiff as employees of any of the named Defendants; (3) may have been involved in Plaintiff's damages; and/or (4) are otherwise proper parties to this lawsuit. The identities of Defendant(s) John Doe Corporations I-XX remain unknown despite Plaintiff's' due diligence.

19. At all relevant times, Defendant(s) John Doe Corporations I-XX were employers under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all

relevant times, Defendant(s) John Doe Corporations I-XX had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant(s) John Doe Corporations I-XX is subject to liability under the FLSA.

20.    Upon information and belief, Defendant(s) John Doe Corporations I-XX do business as "Our House Residentials," a group home care facility doing business in Maricopa County, Arizona.

21.    Defendants Kanesha Anderson and John Doe Anderson are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Kanesha Anderson and John Doe Anderson are owners of Our House Residentials and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

22.    Under the FLSA, Defendants Kanesha Anderson and John Doe Anderson are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Kanesha Anderson and John Doe Anderson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the

-6-

interest of Defendants in relation to Our House Residentials' employees, Defendants Kanesha Anderson and John Doe Anderson are subject to individual liability under the FLSA.

23.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

24.    On information and belief, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a group home care facility in Maricopa County, Arizona.

25.    On information and belief, at all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiff under the FLSA.

26.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the group home care facility.

27.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

28.    Defendants, and each of them, are sued in both their individual and corporate capacities.

-7-

29.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

30.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

31.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

32.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

33.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

34.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

35.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

36.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

37.     On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

38.     On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

-8-

39.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

40.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

41.    Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

42.    Defendants own and/or operate as Our House Residentials, a group home care facility company doing business in Maricopa County, Arizona.

43.    On or about August 3, 2024, Plaintiff began working for Defendants as a caregiver, providing non-exempt services related to caring for attendees for Defendants.

44.    Plaintiff was compensated, or supposed to be compensated, an hourly rate of approximately $19 throughout her employment with Defendants.

45.    On information and belief, rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

46.    Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

47.    Defendants controlled Plaintiff's schedules.

48.    At all relevant times, Plaintiff was economically dependent on Defendants.

49.    The following further demonstrate that Plaintiff was an employee:

    a.    Defendants had the exclusive right to hire and fire Plaintiff;

b.  Defendants set Plaintiff's work schedule;

c.  Defendants set Plaintiff's rate of pay;

d.  Defendants supervised Plaintiff and subjected her to Defendants' rules;

e.  Plaintiff had no opportunity for profit or loss in the business;

f.  The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

g.  Plaintiff was hired to work a non-specific duration for Defendants;

h.  On information and belief, Plaintiff had no right to refuse work assigned to her by Defendants;

50.  Plaintiff worked for Defendants through approximately August 22, 2024.

51.  During Plaintiff's employment with Defendants, Plaintiff worked the following approximate schedule for the following workweeks:

a.  August 3, 2024 – August 9, 2024: 23 hours;

b.  August 10, 2024 – August 16, 2024: 23.5 hours;

c.  August 17, 2024 – August 23, 2024: 41.32 hours.

52.  Defendants did not compensate Plaintiff any wages whatsoever for the entire duration of her employment with them.

53.  As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in her employment with Defendants.

-10-

54.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

55.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

56.     As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

57.     In her third workweek of employment with Defendants, Plaintiff worked with knowledge of Defendants, and at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

58.     Indeed, in her third workweek of employment with Defendants, Plaintiff worked approximately 41.32 hours.

59.     At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in her final workweek of employment with Defendants.

60.     Defendants' failure to pay Plaintiff an overtime premium for such time violated the FLSA, 29 U.S.C. § 207(a).

61.     To date, Defendants still have paid none of the wages due and owing to Plaintiff for such time.

62.     Plaintiff was not a manager in her work for Defendants.

63.     Plaintiff did not have supervisory authority over any employees in her work for Defendants.

-11-

64. Plaintiff did not possess the authority to hire or fire employees in her work for Defendants.

65. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in her work for Defendants.

66. Plaintiff did not direct the work of two or more employees in her work for Defendants.

67. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in her work for Defendants.

68. Plaintiff did not perform office or non-manual work for Defendants in her work for Defendants.

69. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise in her work for Defendants.

70. At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

71. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

72. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

73. At all relevant times, in her work for Defendants, Plaintiff was a non-exempt employee.

-12-

74. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

75. Plaintiff is a covered employee within the meaning of the FLSA.

76. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

77. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

78. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

79. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

82. In her final workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

83. As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in her final workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for such hours worked, in violation of 29 U.S.C. § 207.

84. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for such hours worked, Defendants violated the FLSA.

85. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

86. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

87. Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Olga Ramirez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

-14-

A.    For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

88.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.    As a result of failing or refusing to pay Plaintiff any wages whatsoever for the hours she worked during her three workweeks of employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

90.    As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable

-15-

minimum wage for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 206.

91.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

92.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Olga Ramirez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. As a result of failing or refusing to pay Plaintiff any wages whatsoever for the hours she worked during her three workweeks of employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

95. As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of her employment, in violation of A.R.S. § 23-363.

96. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

97. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Olga Ramirez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING
DEFENDANTS ANGEL KIDS ACADEMY LLC, GUARDIAN ANGELS
PRESCHOOL DAYCARE LLC, AND JOHN DOE CORPORATIONS I – XX
D/B/A OUR HOUSE RESIDENTIALS, ONLY**

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     As a result of the allegations contained herein, Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials did not compensate Plaintiff wages due and owing to her.

100.    Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials engaged in such conduct in direct violation of A.R.S. § 23-350.

-18-

101. Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing her.

102. Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

103. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials.

104. Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Olga Ramirez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials:

A. For the Court to declare and find that the Defendants Angel Kids Academy LLC, Guardian Angels Preschool Daycare LLC, and John Doe Corporations I – XX d/b/a Our House Residentials violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.   For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.   Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 19th day of February, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-20-

**VERIFICATION**

Plaintiff, Olga Ramirez, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

_____
Olga Ramirez (Feb 19, 2025 07:17 MST)
Olga Ramirez

-21-